UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

LISA KOSS,

               Plaintiff

v.

PALMER WATER DEPARTMENT,
PALMER FIRE DISTRICT NO. 1 AND
PALMER WATER DISTRICT NO. 1,
WILLIAM COLE and CHARLES M.
CALLAHAN, III,

               Defendants

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Lisa Koss (hereinafter referred to as the "Plaintiff"), is a natural person with a residential address of 12 Cedar Hill Street, Palmer, Hampden County, Massachusetts.

2. The Defendant, Palmer Water Department, Palmer Fire District No. 1 and Palmer Water District No. 1 (hereinafter referred to as the "Defendant PWD" or collectively as "Defendants"), is an operation with a business address of 10 Walnut Street, Palmer, Hampden County, Massachusetts.

3. The Defendant, William Cole (hereinafter referred to as "Defendant Cole" or collectively as "Defendants"), is a natural person with a last known business address of 10 Walnut Street, Palmer, Hampden County, Massachusetts.

4.     The Defendant, Charles M. Callahan, III (hereinafter referred to as "Defendant Callahan" or collectively as "Defendants"), is a natural person with a last known business address of 10 Walnut Street, Palmer, Hampden County, Massachusetts.

## Facts

5.     The Plaintiff began her employment with the Defendant PWD in or about April, 1993. The Plaintiff last held the position of Administrative Assistant.

6.     The Plaintiff performed her job responsibilities well throughout the course of her employment with the Defendant PWD.

7.     On numerous occasions beginning in or about 2008 and continuing to the time of her termination, the Plaintiff was sexually harassed and subjected to a hostile environment.

8.     On one occasion, the Defendant Cole approached the Plaintiff while she was at her desk. The Plaintiff stood up from her desk and the Defendant Cole asked the Plaintiff if she was wearing a bra.  The Plaintiff told the Defendant Cole that she was wearing a bra and that she would not go to work without one.  The Defendant Cole then asked her to see whether or not the Plaintiff was wearing a bra and reached for the middle of the Plaintiff's top to pull it down.  The Plaintiff pushed the Defendant Cole's hands away from her in protest and the Defendant Cole then left the room.

9.     On several occasions, the Defendant Cole would attempt to look down the Plaintiff's top and make comments to the Plaintiff such as "I wish I had someone like you at home" and "baby I could make your head spin."

10.     On other occasions, the Defendant Cole would point to lingerie ads in magazines and asked the Plaintiff if she looked like the women in the magazine.

11.    On multiple occasions, when the Plaintiff would mention anything to the effect that she was tired, the Defendant Cole would make comments such as "Kevin [plaintiff's husband] is a lucky man" and "Cedar Hill [plaintiff's residence] must have been rocking last night."

12.    There are several other instances of the sexual harassment as well.

13.    On or about September 23, 2011, the Plaintiff brought the Defendant Cole's actions to the attention of Joe Mastalerz, Water Commissions Secretary.  Thereafter, on or about September 27, 2011, Mr. Mastalerz informed the Plaintiff that the Defendant Cole would no longer be putting in many hours at the office and that the Plaintiff would not have to work with the Defendant Cole as often.

14.    However, the Defendant Cole continued to sexually harass the Plaintiff thereafter.

15.    On or about January 26, 2012, a meeting was held between the Plaintiff and the Board of Water Commissioners.  During this meeting, the Plaintiff informed the Board Members of her concerns regarding the Defendant Cole's conduct toward her. The Board did not respond to any of the issues that the Plaintiff raised during the meeting.  The Defendant Callahan, Chairman on the Board of Water Commissioners, told the Plaintiff that they were taking everything under advisement and that the Plaintiff would hear from them later.

16.    On or about February 8, 2012, the Plaintiff gave Supt. James Ammann a letter to bring to his attention the fact that the Defendant Cole continued to sexually harass the Plaintiff despite her numerous complaints.  The Defendants failed to properly respond to the Plaintiff's complaints of discrimination.

17.   On or about May 11, 2012, the Plaintiff's full-time schedule of forty hours per week was
      scheduled to be reduced to sixteen hours per week with no benefits as of July 1, 2012.
      The Plaintiff's hours and benefits were cut in retaliation for her complaints about sexual
      harassment.

18.   On or about August 16, 2012, the Plaintiff was terminated in retaliation for complaining
      about sexual harassment and for filing a Charge of Discrimination with the Equal
      Employment Opportunity Commission and the Massachusetts Commission Against
      Discrimination.

<u>Count I</u>
**(Title VII- Sexual Harassment)**
**(Plaintiff v. Defendant PWD)**

19.   The Plaintiff incorporates herein the previous allegations set forth in this
      Complaint.

20.   The Plaintiff was treated differently as to the terms and conditions of her employment
      based upon the sexual harassment of her by the Defendant Cole, an employee of
      the Defendant PWD.

21.   The Plaintiff was terminated from her employment, at least in part, based upon her
      reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

22.   This environment and the conditions imposed upon the Plaintiff related to and
      adversely affected the terms and conditions of her employment.  The Plaintiff suffered a
      hostile work environment.

23.   The Plaintiff was severely and adversely affected by the Defendants' conduct
      and the failure of the Defendants to take reasonable steps to ensure that this
      discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Lisa Koss, respectfully requests judgment against the Defendant, Palmer Water Department, Palmer Fire District No. 1 and Palmer Water District No. 1 and for all damages available pursuant to Title VII of the Civil Rights Act of 1964, as amended (herein "Title VII").

## Count II
### (Title VII –Retaliation)
### (Plaintiff v. Defendant PWD)

24.     The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

25.     The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting and resisting of sexual harassment and was continuously harassed despite her complaints to management.

26.     The Plaintiff believes that she was retaliated against and terminated from her employment, at least in part, based upon her reporting of and/or resisting said harassment.

27.     This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

28.     The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would not continue.

WHEREFORE, the Plaintiff, Lisa Koss, respectfully requests judgment against the Defendant, Palmer Water Department, Palmer Fire District No. 1 and Palmer Water District No. 1 and for all damages available pursuant to Title VII.

## Count III
### (M.G.L. c. 151B - Sexual Harassment)
### (Plaintiff v. Defendant PWD)

29.     The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

30.  The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment, and the condoning of the sexual harassment, of the Plaintiff by the Defendants.

31.  This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

32.  The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Lisa Koss, respectfully requests judgment against the Defendant Palmer Water Department, Palmer Fire District No. 1 and Palmer Water District No. 1 and for all damages available pursuant to M.G.L. c. 151B.

<u>**Count IV**</u>
**(M.G.L. c. 151B – Retaliation)**
**(Plaintiff v. Defendant PWD)**

33.  The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

34.  The Plaintiff was treated differently as to the terms and conditions of her employment based upon her resisting and her reporting of sexual harassment and discrimination.

35.  This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

36.  The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Lisa Koss, respectfully requests judgment against the Defendant Palmer Water Department, Palmer Fire District No. 1 and Palmer Water District No. 1 and for all damages available pursuant to M.G.L. c. 151B.

## Count V
### (M.G.L. c. 151B – Sexual Harassment)
### (Plaintiff v. Defendant Cole)

37.   The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

38.   The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff by the Defendants.

39.   This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

40.   The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Lisa Koss, respectfully requests judgment against the Defendant William Cole and for all damages available pursuant to M.G.L. c. 151B.

## Count VI
### (M.G.L. c. 151B – Retaliation)
### (Plaintiff v. Defendant Cole)

41.   The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

42.   The Plaintiff was treated differently as to the terms and conditions of her employment based upon her resisting sexual harassment and discrimination.

43.   This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

44.     The Plaintiff was severely and adversely affected by the Defendants' conduct and the

        failure of the Defendants to take reasonable steps to ensure that this discriminatory

        conduct and sexual harassment would not continue.

        WHEREFORE, the Plaintiff, Lisa Koss, respectfully requests judgment against the

Defendant William Cole and for all damages available pursuant to M.G.L. c. 151B.

## Count VII
### (M.G.L. c. 151B - Sexual Harassment)
### (Plaintiff v. Defendant Callahan)

45.     The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

46.     The Plaintiff was treated differently as to the terms and conditions of her employment

        based upon the sexual harassment, and the condoning of the sexual harassment, of the

        Plaintiff by the Defendants.

47.     This environment and the conditions imposed upon the Plaintiff related to and adversely

        affected the terms and conditions of her employment.

48.     The Plaintiff was severely and adversely affected by the Defendants' conduct and the

        failure of the Defendants to take reasonable steps to ensure that this discriminatory

        conduct and sexual harassment would not continue.

        WHEREFORE, the Plaintiff, Lisa Koss, respectfully requests judgment against the

Defendant Charles M. Callahan, III and for all damages available pursuant to M.G.L. c. 151B.

## Count VIII
### (M.G.L. c. 151B – Retaliation)
### (Plaintiff v. Defendant Callahan)

49.     The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

50.     The Plaintiff was treated differently as to the terms and conditions of her employment

        based upon her resisting sexual harassment and discrimination.

51.     This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

52.     The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Lisa Koss, respectfully requests judgment against the Defendant Charles M. Callahan, III and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANTS ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,

The Plaintiffs
LISA KOSS
By Their Attorney

/s/ Michael O. Shea                        Dated: October 4, 2012
MICHAEL O. SHEA, ESQ.
BBO No.: 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095