UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 3:12-cv-30170-MAP

LISA KOSS,

    Plaintiff

v.

PALMER WATER DEPARTMENT,
PALMER FIRE DISTRICT NO. 1 AND
PALMER WATER DISTRICT NO. 1,
WILLIAM COLE and CHARLES M.
CALLAHAN, III,

    Defendants

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DOCUMENTS RELATING TO SEXUAL HARASSMENT INVESTIGATION

The Plaintiff, Lisa Koss ("Plaintiff"), hereby moves this Honorable Court to order the Defendants, Palmer Water Department, Palmer Fire District No. 1 and Palmer Water District No. 1, William Cole and Charles M. Callahan, III ("Defendants"), to produce to the Plaintiff's Counsel all documents relating to the investigation of the Plaintiff's sexual harassment complaints. The Defendants conducted, through Attorney Henry Rigali, a sexual harassment investigation concerning the Plaintiff's sexual harassment complaints. As discussed below, the Defendants are now claiming that documents and communications related to the investigation are protected by the attorney-client and work product protections. The Plaintiff disagrees and says that the Defendants cannot raise a Faragher-Ellerth defense and then hide behind the attorney-client and work product doctrines.

## ARGUMENT

### A. The Plaintiff Is Entitled To All Documents That Relate To The Investigation Of The Plaintiff's Sexual Harassment Complaints.

The Plaintiff requested, in her First Request for Documents, all documents relating to the investigation of her complaints of sexual harassment and retaliation. The Plaintiff's Document Request Nos. 13, 18 and 20, and the Responses and Objections thereto, read as follows:

**REQUEST NO. 13**
All documents relating and/or referring to any and all efforts made by the Defendant Palmer Water to investigate the Plaintiff's allegations which are the subject of this litigation.

OBJECTION: Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it contains vague, ambiguous, and otherwise undefined and/or unclear terms. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege and/or work product doctrine.

RESPONSE: Subject to this objection, and without waiving the same, and to the extent that this Request is understood, see Exhibit A.

**REQUEST NO. 18**

Copies of any and all documents that relate or refer to the Plaintiff's complaints of sexual harassment and/or complaints of inappropriate conduct that she made while she was employed with the Defendant Palmer Water.

OBJECTION: Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, unreasonably cumulative and duplicative, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. This Request covers an overly broad period of time. Defendant further objects to this Request on the grounds that it contains vague, ambiguous, and otherwise undefined and/or unclear terms. Defendant further objects to the extent that this Request seeks information protected by the attorney-client and/or work product doctrine.

RESPONSE: Subject to this objection and without waiving the same, and to the extent this Request is understood, see Exhibit A.

### REQUEST NO. 20

Copies of any and all documents relating and/or referring to the investigation into the Plaintiff's complaints of discrimination and/or harassment.

**OBJECTION**: Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, unreasonably cumulative and duplicative, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it contains vague, ambiguous, and otherwise undefined and/or unclear terms. Defendant further objects to the extent this Request seeks information protected by the attorney-client and/or work product doctrine.

**RESPONSE:** Subject to this objection and without waiving same, and to the extent this Request is understood, see Exhibit A.

The documents produced as Exhibit A to the Defendants' Document Responses do not contain all documents relating to the investigation into the Plaintiff's complaints of sexual harassment. The Plaintiff has since requested that documents relating to the investigation be produced, asserting that the Defendants cannot rely on the thoroughness and competency of their investigation and correctional actions and then try and shield discovery of documents underlying the investigation by asserting the attorney-client privilege and/or work product doctrine.

The case of Angelone v. Xerox Corporation, (W.D.N.Y. 9-26-2011) is persuasive and directly on point. In Angelone, the defendant Xerox raised a Faragher-Ellerth defense. A Faragher-Ellerth defense is as follows:

> that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.

See Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998) and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998). Judge Feldman in Angelone opined, in relevant part,

> Xerox can not rely on the thoroughness and competency of its investigation and corrective actions and then try and shield discovery of documents underlying the investigation by asserting the attorney-client privilege or work product protections.

3

As is noted above, the Defendants in the instant case also raised a <u>Faragher-Ellerth</u> defense as their Fourth Affirmative Defense, which reads as follows:

> Defendants exercised reasonable care to prevent and promptly correct any alleged harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities to avoid harm.

The Defendants are taking the same position as the defendant Xerox in <u>Angelone</u> – that such documents are protected by the attorney-client privilege and/or work product protections.

In this case, Attorney Rigali conducted the investigation in conjunction with and at the behest of the employment defense firm Royal LLP. See Letter of Attorney Rigali outlining his responsibilities as the investigator, attached as Exhibit A hereto. Attorney Rigali took notes of his investigation and created other documents as part of his investigation. See privilege log produced by Defendants, attached hereto as Exhibit B. Attorney Schrengohst of Royal LLP represented that Attorney Rigali did not report his findings to the Water District or its Board, but that he instead reported his findings to the defense firm of Royal LLP, who then communicated with the Board. None of these communications have been revealed to Plaintiff's Counsel by Defendants' Counsel. Plaintiff's Counsel cannot adequately prepare for the depositions of the Board members, or others, without the requested communications and documents to which they are fairly entitled.

## <u>CONCLUSION</u>

The Plaintiff and her Counsel respectfully request that this Honorable Court compel the Defendants to produce the requested documents within ten days, or for such other relief as this Honorable Court deems reasonable and just. See Proposed Order, attached hereto as Exhibit C.

Respectfully submitted,

The Plaintiff
LISA KOSS
By Her Attorneys

/s/ Michael O. Shea                           Dated: August 22, 2013
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No.: (413) 596-8005
Facsimile No.: (413) 596-8095


/s/ Daniel J. O'Connell                        Dated: August 22, 2013
DANIEL J. O'CONNELL, ESQ.
BBO No.: 550633
O'Connell, Plumb & MacKinnon, P.C.
75 Market Place
Springfield, MA 01103
Telephone No.: (413) 733-9111
Facsimile No.: (413) 733-9888


## CERTIFICATE OF SERVICE

I, Michael O. Shea, Esq., Co-Counsel for the Plaintiff, hereby certify that on the 22nd day of August, 2013, I served the foregoing document by electronic filing through the ECF system to Counsel of Record for the Defendants.

/s/ Michael O. Shea
Michael O. Shea