UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 3:12-cv-30170-MAP

LISA KOSS,

      Plaintiff

v.

PALMER WATER DEPARTMENT,
PALMER FIRE DISTRICT NO. 1 AND
PALMER WATER DISTRICT NO. 1,
WILLIAM COLE and CHARLES M.
CALLAHAN, III,

      Defendants

## PLAINTIFF'S SUR-REPLY MEMORANDUM IN RESPONSE TO DEFEDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RELATING TO SEXUAL HARASSMENT INVESTIGATION

NOW COMES the Plaintiff, Lisa Koss ("Plaintiff"), and hereby submits her Sur-Reply Memorandum in Response to Defendants' Opposition to Plaintiff's Motion to Compel Documents Relating to Sexual Harassment Investigation.

### ARGUMENT

**A. The Defendants Misstate The Facts Surrounding The Sexual Harassment Investigation.**

The Defendants' Counsel asserts that the Plaintiff complained of sexual harassment in January of 2012 (and not before), but Defendants' Counsel does not identify the date of the Plaintiff's first complaint (according to them). The Plaintiff, on the other hand, testified in her deposition that she actually complained to Joseph Mastalerz, a Board member, of sexual harassment in the Fall of 2011.

Plaintiff's Counsel communicated with Attorney Rigali in or about March of 2012, when Attorney Rigali communicated with Attorney Shea about taking a statement from the Plaintiff.

Therefore, it is difficult to believe that the law firm of Royal LLP or Attorney Rigali would have anticipated litigation prior to that communication.

Defendants' Counsel also gives the impression, in their Opposition Memorandum, that they timely and freely produced Attorney Rigali's notes of his interview of the Plaintiff that occurred on or about March 21, 2012. To the contrary, the notes were not produced in the original document production by the Defendants on July 29, 2013. In fact, the notes were not produced until Plaintiff's Counsel sent several emails and verbally requested them as well on numerous occasions. The notes were finally produced (after Plaintiff's deposition) on August 28, 2013.

On the one hand, the Defendants' Counsel represents, in their Opposition Memorandum, that the "Plaintiff may depose Attorney Rigali and inquire about the investigation he conducted regarding Koss' allegations"; yet the Defendants refuse to produce any documents relating to the investigation other than the above-referenced notes. This position does not seem to make much sense – they will agree to allow the discovery of information by way of testimony from Attorney Rigali but yet they refuse to produce the information if it is in writing.

## B. The Defendants Misstate The Applicable Law In Their Opposition Memorandum.

It is significant that the cases cited by the Defendants in their Opposition Memorandum do not involve claims or causes of action where a Faragher-Ellerth defense was raised by the defendants. This is an important distinction since the court in the Angelone case found that there was no privilege that attached to such investigative documents because a Faragher-Ellerth defense was raised. Angelone v. Xerox Corporation, (W.D.N.Y. 9-26-2011). The Defendants in their Opposition Memorandum attempt to sidestep this issue of raising a Faragher-Ellerth defense by citing to a slew of cases that are not on point – cases that get into the "substantial need" test when Angelone makes it clear that there is a substantial need for the production of such documents where, as here, a Faragher-Ellerth defense is raised.

2

## CONCLUSION

Based upon the foregoing, and based upon the previously cited legal authority, the Plaintiff respectfully requests that this Honorable Court grant the Plaintiff's Motion to Compel Documents Relating to Sexual Harassment Investigation.

Respectfully submitted,

The Plaintiff
LISA KOSS
By Her Attorneys

/s/ Michael O. Shea                                   Dated: September 13, 2013
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No.: (413) 596-8005
Facsimile No.: (413) 596-8095


/s/ Daniel J. O'Connell                                Dated: September 13, 2013
DANIEL J. O'CONNELL, ESQ.
BBO No.: 550633
O'Connell, Plumb & MacKinnon, P.C.
75 Market Place
Springfield, MA 01103
Telephone No.: (413) 733-9111
Facsimile No.: (413) 733-9888


## CERTIFICATE OF SERVICE

I, Michael O. Shea, Esq., Co-Counsel for the Plaintiff, hereby certify that on the 13th day of September, 2013, I served the foregoing document by electronic filing through the ECF system to Counsel of Record for the Defendants.

/s/ Michael O. Shea
Michael O. Shea