UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA KOSS,<br><br>              Plaintiff,<br><br>v.<br><br>PALMER WATER DEPARTMENT,<br>PALMER FIRE DISTRICT NO. 1 AND<br>PALMER WATER DISTRICT NO. 1[1],<br>WILLIAM COLE and CHARLES M.<br>CALLAHAN, III,<br><br>              Defendants. | CIVIL ACTION NO. 3:12-cv-30170-MAP |

## DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CLARIFICATION OF MAGISTRATE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RELATING TO SEXUAL HARASSMENT INVESTIGATION

On September 16, 2013, Magistrate Judge Kenneth P. Neiman entered an order granting Plaintiff, Lisa Koss's ("Plaintiff" or "Koss"), Motion to Compel Documents Relating to Sexual Harassment Investigation (the "Order"). Plaintiff has interpreted that Order to mean that all communications Defendants, Palmer Water Department, Palmer Fire District No. 1 and Palmer Water District No. 1, William Cole, and Charles M. Callahan, III ("Defendants"), had with any counsel are no longer privileged. For example, although the undersigned and their law firm did not conduct or participate in the investigation that forms the basis of Defendants' Faragher-Ellerth defense and also did not create any documents as part of and in furtherance of said investigation, Plaintiff contends that all of the communications and documents this office has exchanged with Defendants are nevertheless discoverable. See Email Communication of Attorney

---

[1] There is only one employer, not two or three employers, of the plaintiff and the entities listed in the above-referenced caption are not the correct legal names.

Daniel O'Connell to Attorneys Schrengohst and Royal, which is attached hereto as Exhibit A. To that end, Plaintiff has requested the production of all documents exchanged between Defendants and this office and intends to subpoena both undersigned counsel to deposition. Plaintiff's position is contrary to law and the Order.

Because Plaintiff has asserted she will file a Motion for Contempt if Defendants do not produce all documentation exchanged between Defendants and counsel, Defendants hereby submit this Motion for Reconsideration or, in the Alternative, Clarification of Magistrate's Order on Plaintiff's Motion to Compel Documents, pursuant to 28 USC § 636(b), on the grounds that if and to the extent the Order requires such an extensive and blanket waiver of all otherwise privileged communications, that the Order is clearly erroneous or contrary to law. Accordingly, and for the reasons discussed below, Defendants respectfully request that the Court: (1) reconsider and/or clarify the Order compelling production of documents; or (2) conduct an in camera review, as appropriate, of documentation identified in Defendants' Privilege Log prior to Defendants producing any documents.

## I. STATEMENT OF FACTS

In January of 2012, Koss alleged sexual harassment. Henry Rigali, Esq. ("Rigali"), a sole practitioner and long-time outside counsel for Defendants, conducted an internal investigation of the allegations. Rigali met with Koss and her attorney, Michael O. Shea, Esq., to interview her as part of his investigation. Rigali also met with other individuals as part of the investigation. Rigali took contemporaneous notes of these meetings. Defendants have produced Rigali's factual notes taken during these meetings. Further, Defendants have indicated, on multiple occasions, that Plaintiff may

depose Rigali and inquire about the investigation he conducted regarding Koss's allegations. There are no other responsive notes of Rigali other than the ones that have been produced and there are no other documents nor other information that were created as part of and in furtherance of the investigation. In other words, Defendants have produced all of the documents that form the basis of Defendants' affirmative defense. Defendants have produced the investigative notes of Rigali and Rigali will be produced for deposition to answer questions about the investigation. Thus, Plaintiff has full access to discovery of the investigation itself and the facts underlying it and Defendants will not introduce anything at trial beyond what Plaintiff has access to.

While Rigali, and <u>not</u> Defendants' Employment Counsel[2], participated in and conducted the investigation, Plaintiff contends that there is no privilege in *any* communications between Defendants' Employment Counsel and/or Rigali, the board, or management because of the assertion of Faragher-Ellerth and that the Court (*vis-à-vis* Magistrate Judge Kenneth P. Neiman's September 16, 2013 Order) (the "Order") intended that all such communications, including but not limited to all documents identified on Defendants' Privilege Log[3], be produced *in their entirety*. See Exhibit A.

The documentation cited in Defendants' Privilege Log contains privileged communications between Defendants' Employment Counsel and Rigali and/or the Board of Water Commissioners and/or members of management. For example, the documentation consists of various e-mail communications that make a tangential

---

[2] Certain attorneys at the law firm Royal LLP serve as Defendants' Employment Counsel.

[3] A true and accurate copy of Defendants' Privilege Log, which was provided to Plaintiff, is attached hereto as Exhibit B. Attorneys Karina Schrengohst and Daniel Morton-Bentley identified therein have served as Defendants' Employment Counsel. Also identified therein are Charles Callahan, a named Defendant in this matter and Chair of the Defendant Board of Directors; Joe Mastalerz serves as a director on the Defendant Board of Directors; and James Ammann is Superintendent of the Defendant District.

3

reference to the investigation; contain the mental impressions, opinions, legal strategy, advice, and recommendations of both Defendants' Employment Counsel and Rigali; were created in anticipation of litigation; contain information about other employees of Defendant unrelated to the investigation; and/or contain legal advice unrelated to the investigation.  None of the documents identified in the Privilege Log were created as part of and in furtherance of the investigation and otherwise do not form the basis of Defendants' affirmative defense and therefore will not be used at trial.  Defendants only provided Plaintiff with this comprehensive Privilege Log because of the breadth of Plaintiff's Request No. 20 in her First Request for Production of Documents, which requested Defendants produce "[c]opies of any and all documents relating and/or **referring** to the investigation into the Plaintiff's complaints of discrimination and/or harassment."  (Emphasis added)

In accordance with the case law cited below, the communications contained in the Privilege Log remain privileged and otherwise are not responsive to the court's order: they were not created as part of and in furtherance of the investigation, and Defendants will not use these documents at trial.

## II. ARGUMENT

### A. Sword and Shield

Defendants recognize that it would be patently unfair to raise a Faragher-Ellerth defense and then not provide the documents that form the basis of that defense in the course of discovery.  Courts have often referred to this as the "sword and shield" defense and that is not this situation:  Defendants are not using any privileged communications as a sword by premising its Faragher-Ellerth defense on such

4

documents and then shielding discovery of such documents by asserting attorney-client privilege or work-product protection. To the contrary, Defendants have produced all documents that were created as part of and in furtherance of the investigation to Plaintiff (*i.e.*, Rigali's investigative notes). Furthermore, Defendants identified Rigali in their initial disclosures and have indicated, on multiple occasions, that Plaintiff may depose Rigali and inquire about the investigation he conducted regarding Koss's allegations.

Defendants are not denying Plaintiff discovery of the <u>facts</u> of the investigative efforts undertaken by Defendants. See Fultz v. Federal Sign, No. 94 C 1931, 1995 WL 76874 at * 2 (N.D. Ill. 1995) ("One cannot assert the attorney/client privilege to keep an opponent from discovering <u>facts</u> about an investigation when the investigation is to be used at trial as a defense to defeat the opponent's allegations." (emphasis added)).

As Defendants have stated in their Opposition to Plaintiff's Motion to Compel, Defendants have no intention of using any privileged communications at trial (*i.e.*, Defendants will not use the documents referenced in the Privilege Log, which is attached hereto as Exhibit B). And, in fact, there are no other documents that were created as part of and in furtherance of the investigation that have not been produced.

Communications with and by Employment Counsel about the investigation Rigali conducted are privileged and should remain privileged. "These cases make clear, however, that the waiver extends only to documents which constitute evidence of the investigation of the claim of harassment or discrimination. If an attorney had been consulted about an investigation but did not himself or herself conduct interviews, make disciplinary decisions, or otherwise participate in the investigation itself, the contents of the attorney's advice to the client about the investigative process and the decisions

5

made by the employer remain privileged." McKenna v. Nestle Purina PetCare Co., 2007 WL 433291, *4 (S.D. Ohio 2007) citing Waugh v. Pathmark Stores, 191 F.R.D. 427 (D. N.J. 2000). The undersigned did not engage in any such action and Defendants have otherwise produced all such investigatory documents.

### B. In Camera Review

Following the Court's Order, Plaintiff has maintained that Defendants are required to produce all documents identified in their Privilege Log, asserting that if they fail to produce such, Plaintiff will move for a contempt order. As noted above, Defendants have produced all documents that were "created as part of and in furtherance of the investigation" as required by the Order.

As part of this Motion for Reconsideration, Defendants request clarification of the Order and, if, as part of such clarification, the Court deems appropriate, an in camera review of the documents at issue since one was not performed prior to the Order. The court in Angelone v. Xerox Corp, which is the case the Court cites in its Order and Plaintiff relies on in her Motion to Compel, conducted an in camera review of the documents prior to ordering production of such documents. 2011 WL4473534, at *3 (W.D.N.Y. Sept. 26, 2011). And, after such review, the court found that the defendant did not waive the attorney-client privilege or the work-product protection for all of the documents at issue. Id. In fact, the court found that any documents that defendant's Faragher-Ellerth defense would not refer to or rely on were protected and did not have to be produced. Id. Again, Defendants have no intention of using at trial any privileged communications that have not already been produced in the course of discovery. See Reid-Lamb v. Time Warner Entertainment Co., 2010 WL 5128632, at *2 (W.D.N.C. Dec.

10, 2010) (denying Plaintiff's motion to compel and stating "there is no evidence that Defendant has used the documents Plaintiff seeks as support for any of its affirmative defenses, or that it intends to do so. As noted, Defendant expressly avers that it will not rely on these documents to defend this case").

Portions of the documents that Plaintiff has requested in Request No. 20: (1) are privileged communications that were not "created as part of and in furtherance of the investigation"; and/or (2) are not relevant to this case. As Defendants' do not want to violate the Court's Order, Defendants request, at a minimum, that this Court issue a clarification of the previous order or conduct an in camera review.

The portions of the requested documents that are privileged communications that were not "created as part of and in furtherance of the investigation" should not be produced. And, as noted above, case law supports that such communications remain privileged: "the waiver extends only to documents which constitute evidence of the investigation of the claim of harassment or discrimination. If an attorney had been consulted about an investigation but did not himself or herself conduct interviews, make disciplinary decisions, or otherwise participate in the investigation itself, the contents of the attorney's advice to the client about the investigative process and the decisions made by the employer remain privileged." McKenna, 2007 WL433291 at *4. Defendants' Employment Counsel did not conduct the investigation, did not interview anyone as part of the investigation, did not observe or participate in the investigation, and did not prepare any documents as part of and in furtherance of the investigation; instead, Rigali did.

Portions of the documents listed in Defendants' Privilege Log are not relevant as they contain legal strategy unrelated to the investigation, which would be damaging to Defendants' defense. Thus, an order clarifying this or, alternatively, an in camera review is appropriate.

## III. CONCLUSION

In light of Plaintiff's contention that the Order requires a waiver of all communications between Defendants' Employment Counsel and/or Rigali, the board, or management because of the assertion of Faragher-Ellerth, for the foregoing reasons and in accordance with appropriate case law, Defendants respectfully request that the Court: (1) reconsider the Order compelling production of documents and issue a clarification of same; or (2) conduct an in camera review, as appropriate, of documentation identified in Defendants' Privilege Log prior to Defendants producing any documents.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I hereby certify that counsel for the Defendants have communicated with counsel for the Plaintiff in an effort resolve the issues concerning Defendants' Privilege Log via various e-mail exchanges, including a final attempt on September 23, 2013, and have been unsuccessful in their good faith attempts to resolve or narrow the issues regarding same.

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.

Respectfully Submitted,

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.
BBO #647175
E-mail: aroyal@royallp.com

/s/ Karina L. Schrengohst, Esq.
Karina L. Schrengohst, Esq.
BBO #681614
Counsel for Defendants
Royal LLP
270 Pleasant Street
Northampton, Massachusetts 01060
Tel. (413) 586-2288/Fax (413) 586-2281

Dated: September 23, 2013
E-mail: kschrengohst@royallp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendants' Motion for Reconsideration of Magistrate's Order on Plaintiff's Motion to Compel Documents Relating to Sexual Harassment Investigation* was served upon the attorney of record for each other party via the Courts CM/ECF Electronic Case Filing System, on September 23, 2013.

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.