UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 3:12-cv-30170-MAP

| |
|---|
| LISA KOSS,<br><br>   Plaintiff<br><br>v.<br><br>PALMER WATER DEPARTMENT, PALMER FIRE DISTRICT NO. 1 AND PALMER WATER DISTRICT NO. 1, WILLIAM COLE and CHARLES M. CALLAHAN, III,<br><br>   Defendants |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION/CLARIFICATION

**Argument**

**A. The Court's Ruling On The Plaintiff's Motion To Compel Should Not Be Disturbed, As it Was Soundly Based In Fact and Law.**

It is important to note from the outset that the Defendants are and have been withholding key documents relating to Attorney Rigali's ("Rigali") investigation. Plaintiff's Document Requests were served on June 11, 2013. Defendants' Documents Responses were served upon the Plaintiff on July 29, 2013. Defendants' Counsel failed to produce <u>any</u> of Rigali's notes at that time. Plaintiff's Counsel was aware of Rigali's note taking since Attorney Shea was present during the interview of Plaintiff by Rigali as part of his investigation. After numerous requests for Rigali's notes over the course of several weeks, Defendants' Counsel on several occasions indicated that they <u>did not know if such notes ever existed</u>. After Plaintiff's Counsel continued to press the issue, finally on August 28, 2013 <u>three pages</u> of Rigali's notes were produced (after Plaintiff's deposition) as supplemental responses of Defendants. Then suddenly on September 23, 2013, the very same day that the Defendants filed the subject Motion for Reconsideration, the

Defendants' Counsel produced <u>eighteen more pages</u> of Rigali's investigation notes, with absolutely no explanation as to why the notes were not produced earlier and timely.

As part of the subject Motion to Compel, the Plaintiff also pursued additional documents relating to Rigali's investigation. In this regard, and after further significant urging, Defendants' Counsel finally produced a Privilege Log identifying documents that they claim are privileged. It is important to note that the documents contained in the Privilege Log all involve Rigali and clearly relate to his investigation into the Plaintiff's Complaints of sexual harassment.

After Plaintiff's Motion to Compel, and the Defendants' Opposition thereto, the Court on September 16, 2013 ruled, in relevant part, that the Defendants waived " the attorney-client privilege and work product protections for not only the report itself, but for all documents, witness interviews, notes and memoranda <u>created as part of</u> and <u>in furtherance of</u> the investigation." (emphasis supplied). It is clear that all of the documents in the Defendants' Privilege Log were either <u>created as part of</u> and/or were <u>in furtherance of</u> the investigation. Moreover, all such documents involve Rigali and his investigation and, therefore, fall within the scope of the Order.

Even according to the Defendants, the investigation commenced in January of 2012 (although Plaintiff first complained harassment in the Fall of 2011), and the investigation continued at least through May of 2012 when the Plaintiff was finally interviewed as part of the investigation. The documents at issue in the Defendants' Privilege Log were created in that same time frame. The Defendants' Privilege Log refers to "Mrs. Koss' allegations" with regard to each and every such document. Thus, there can be no doubt that the documents were <u>created as part of</u> and/or <u>in furtherance of</u> the investigation. The documents at issue (contained in the Defendants' Privilege Log) are clearly and unequivocally communications between Rigali and the employment defense firm of Royal LLP, and/or the Board of the Defendant Water District No. 1. These are precisely the kinds of communications that Judge Feldman in the <u>Angelone</u> case, and the Court in this case, addressed and found to be discoverable as well.

2

The Defendants go further to cite new case law in their Motion for Reconsideration that was not cited in their original Opposition Memorandum. The new cases primarily relied upon now by the Defendants are <u>McKenna v. Nestle Purina Pet Care Co.</u>, 2007 WL 433291, *4 (S.D. Ohio 2007) and <u>Waugh v. Pathmark Stores</u>, 191 F.R.D. 427 (D.N.J. 2000). The cases are clearly distinguishable. In <u>McKenna</u> and <u>Waugh</u>, unlike in the instant case, the communications at issue were essentially direct communications between the defendants and their attorneys and having nothing to do with the investigations at hand. In contrast, the documents at issue in this case involve communications between Rigali and Royal LLP and/or the Water Board; and said documents relate to and are in furtherance of Rigali's investigation and all involve Rigali.

Lastly, it is important to note that the defense firm of Royal LLP categorically disclaims any involvement with the investigation of the Plaintiff's harassment complaints. But at the same time, Defendants' Counsel (Royal LLP) represented to Plaintiff's Counsel that Rigali was engaged by them to conduct the investigation and that Rigali was to report the results of the investigation to Royal LLP and not to the Defendants. It is believed that Royal LLP was involved in the investigation of the harassment claims perhaps as early as the Fall of 2011 when the Plaintiff first complained about harassment. This is important since there may be additional documents that have not been produced, beyond those identified on the Privilege Log. For now, it is clear that at least the documents contained in the Defendants' Privilege Log are clearly discoverable.

## **Conclusion**

Based upon the foregoing, and the arguments previously made as part of the Motion to Compel, it is clear that the Defendants' Motion for Reconsideration or, in the alternative Motion for Clarification, should be denied in its entirety.

Respectfully submitted,

The Plaintiff
LISA KOSS
By Her Attorneys

/s/ Michael O. Shea                                    Dated: September 30, 2013
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No.: (413) 596-8005
Facsimile No.: (413) 596-8095


/s/ Daniel J. O'Connell                                Dated: September 30, 2013
DANIEL J. O'CONNELL, ESQ.
BBO No.: 550633
O'Connell, Plumb & MacKinnon, P.C.
75 Market Place
Springfield, MA 01103
Telephone: (413) 733-9111
Facsimile: (413) 733-9888


## CERTIFICATE OF SERVICE

    I, Michael O. Shea, Esq., Co-Counsel for the Plaintiff, hereby certify that on the 30th day of September, 2013, I served the foregoing document by electronic filing through the ECF system to Counsel of Record for the Defendants.

                                                                                      /s/ Michael O. Shea
                                                                                      Michael O. Shea