UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA KOSS,<br><br>                      Plaintiff,<br><br>v.<br><br>PALMER WATER DEPARTMENT,<br>PALMER FIRE DISTRICT NO. 1 AND<br>PALMER WATER DISTRICT NO. 1,<br>WILLIAM COLE and CHARLES M.<br>CALLAHAN, III,<br><br>                      Defendants. | CIVIL ACTION NO. 3:12-cv-30170-MGM |

**<u>DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY
FROM AMY B. ROYAL, ESQ. AND KARINA L. SCHRENGOHST, ESQ.</u>**

Defendants, Palmer Water Department, Palmer Fire District No. 1 and Palmer Water District No. 1 ("Palmer Water"), William Cole ("Cole"), and Charles M. Callahan, III ("Callahan") (collectively "Defendants"), respectfully move *in limine* to exclude testimony from Amy B. Royal, Esq. and Karina L. Schrengohst, Esq. on the grounds that such testimony would waste time, needlessly present cumulative evidence, and be unfairly prejudicial.

Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. of Evid. 403; <u>United States v. Lopez-Ortiz</u>, 736 F. Supp. 2d 469, 470 (D.P.R. 2010).  In deciding whether to admit or exclude such evidence, the Court must balance the probative value of the evidence against unfair prejudicial effect.  <u>United

1

States v. Lopez-Ortiz, 736 F. Supp. 2d 469, 470 (D.P.R. 2010).  The First Circuit has noted that "[u]nfairly prejudicial evidence is evidence having some quality that moves the jury to attribute to it excessive probative value.  It is evidence that 'triggers [the] mainsprings of human action [in such a way as to] cause a jury to base its decision on something other than the established proposition in the case.'"  United States v. Lopez-Ortiz, 736 F. Supp. 2d 469, 470-71 (D.P.R. 2010) (quoting United States v. Gonzalez–Vazquez, 219 F.3d 37, 47 (1st Cir. 2000)).

In the parties' Joint Pretrial Memorandum, Plaintiff, Lisa Koss ("Koss" or "Plaintiff"), has identified Amy B. Royal, Esq. and Karina L. Schrengohst, Esq. as witnesses for trial and has indicated that they "will likely have information relating to the sham, whitewash investigation made in response to the Plaintiff's complaints of sexual harassment."  Attorney Royal is the founding partner of Royal LLP.  Attorney Schrengohst has been the primary attorney handling this matter since Plaintiff filed her administrative Charge of Discrimination at the Equal Employment Opportunity Commission.  Plaintiff has also identified Henry Rigali, Esq., who conducted an investigation into Koss' allegations of sexual harassment, as a witness for trial.

Plaintiff has conducted extensive discovery in this case, including deposing both Attorney Henry Rigali and Attorney Schrengohst.[1]  Through the course of discovery, the evidence has indicated that Attorney Royal's involvement in this matter has been, at best, tangential.  In fact, Attorney Royal has had no communications with Attorney Rigali or Defendants related to the investigation of Koss' allegations of sexual harassment.  Consequently, to the extent Attorney Royal has knowledge of even marginally relevant information (and it is Defendants' position that she does not), the

---

[1] Plaintiff noticed Amy B. Royal, Esq.'s deposition, but never conducted her deposition.

proposed testimony would clearly waste the Court's time and needlessly present cumulative evidence.  See Coburn v. Potter, No. 06 C 5397, 2008 WL 681000, at *2-*3 (N.D. Ill. Mar. 7, 2008) (granting motion in limine excluding certain testimony because "some of those witnesses had more tangential involvement with the actions and events giving rise to this action"); Serody v. Serody, 19 Mass. App. Ct. 411, 414 (1985) (holding that if "the lawyer's testimony would be merely cumulative or marginally relevant, it may be desirable to exclude the proffered evidence.").

In addition, Plaintiff is well aware that Attorney Rigali conducted the investigation into Koss' allegations of sexual harassment.  Plaintiff has identified Attorney Rigali as a witness for trial.  Accordingly, the proposed testimony of Attorney Schrengohst would not only waste the Court's time, but would also needlessly present cumulative evidence. Further, it is well-established that "[t]he practice of attempting to call opposing counsel as a witness during the course of trial to establish some fact that can be readily proved in a different manner should be discouraged."  Kendall v. Atkins, 374 Mass. 320, 324, 372 N.E.2d 764, 767 (1978) (quoting Rude v. Algiers, 11 Wis.2d 471, 482 (1960)); C.W. Keller & Associates, Inc. v. Cullen, No. 943493, 1998 WL 1181778, at *2 (Mass. Super. June 29, 1998) (stating that "[a]lthough the practice of calling opposing counsel may, under certain circumstances, be appropriate, it is not a practice to be encouraged because of the potential for abuse").  As Plaintiff has identified Attorney Rigali as a witness for trial, she can easily adduce the evidence sought from Attorney Schrengohst through Attorney Rigali.  See Serody v. Serody, 19 Mass. App. Ct. 411, 414 (1985) (holding that if "the evidence sought from opposing counsel could as easily be adduced

through others, or the lawyer's testimony would be merely cumulative or marginally relevant, it may be desirable to exclude the proffered evidence.").

In the alternative, given the potential prejudice to Defendants of having Attorney Royal and Attorney Schrengohst called as witnesses, Defendants respectfully request that prior to calling Attorney Royal and Attorney Schrengohst as witnesses that a voir dire of their testimony be conducted out of the presence of the jury.  See C.W. Keller & Associates, Inc. v. Cullen, No. 943493, 1998 WL 1181778, at *2 (Mass. Super. June 29, 1998).  Defendants also respectfully request a protective order to preserve any attorney-client privilege (that has not been waived).  Id.

"[T]he court's duty to manage the trial includes an obligation to ensure [that] only persons testify who will present relevant, non-cumulative testimony regarding the issues."  Jamie S. v. Milwaukee Bd. of Sch. Dirs., 2006 WL 839161, at *2 (E.D. Wis. Mar. 28, 2006).  Here, the proposed testimony would waste time, result in the needless presentation of cumulative evidence, and be unfairly prejudicial.  Accordingly, Attorney Royal and Attorney Schrengohst should be excluded from testifying at trial.

    Respectfully Submitted,

     /s/ Karina L. Schrengohst, Esq.
    Karina L. Schrengohst, Esq.
    BBO #681614
    Counsel for the Defendants
    Royal LLP
    270 Pleasant Street
    Northampton, Massachusetts  01060
    Tel. (413) 586-2288/Fax (413) 586-2281

Dated:  April 6, 2015    E-mail:  kschrengohst@royalllp.com

                                            Respectfully Submitted,

                                              /s/ Robert Aronson, Esq.
                                            Robert Aronson, Esq.
                                            BBO # 541800
                                            Counsel for the Defendants
                                            Royal LLP
                                            270 Pleasant Street
                                            Northampton, Massachusetts  01060
                                            Tel. (413) 586-2288/Fax (413) 586-2281
Dated:  April 6, 2015                  E-mail:  lawaronson@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendants' Motion In Limine to Exclude Testimony from Amy B. Royal, Esq. and Karina L. Schrengohst, Esq.* was served upon the attorney of record for each other party via the Court's CM/ECF Electronic Case Filing System, on April 6, 2015.

                                              /s/ Karina L. Schrengohst, Esq.
                                            Karina L. Schrengohst, Esq.