UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:12-cv-30170-MGM

| |
|---|
| LISA KOSS,<br><br>               Plaintiff<br><br>v.<br><br>PALMER FIRE DISTRICT NUMBER ONE AND PALMER WATER DISTRICT NUMBER ONE, WILLIAM COLE and CHARLES M. CALLAHAN, III,<br><br>               Defendants |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM AMY B. ROYAL, ESQ. AND KARINA L. SCHRENGOHST, ESQ.**

NOW COMES the Plaintiff, Lisa Koss ("Plaintiff" or "Koss" hereinafter), and hereby submits her opposition to *Defendants' Motion in Limine to Exclude Testimony from Amy B. Royal, Esq. and Karina L. Schrengohst, Esq.* [102].

## ARGUMENT

The Defendants, Palmer Fire District Number One and Palmer Water District Number One, William Cole and Charles M. Callahan, III (collectively referred to as "Defendants" hereinafter unless specifically referred to as otherwise), seek to exclude the testimony of Amy B. Royal, Esq. and Karina L. Schrengohst, Esq. at trial in the instant matter on the grounds that said testimony "would waste time, needlessly present cumulative evidence, and be unfairly prejudicial." (Defs.' Motion pg. 1).

The Defendants' Motion should be denied where the Defendants, in their Answer [9] to the Plaintiff's Complaint and Jury Demand, raised a *Faragher-Ellerth* defense as their Fourth Affirmative Defense, which reads "Defendants exercised reasonable care to prevent and promptly correct any alleged harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities to avoid harm."

In *Angelone v. Xerox Corporation*, the defendant Xerox raised a *Faragher-Ellerth* defense similar to the Defendants in the instant matter.  2011 WL 4473534 (W.D.N.Y. 9-26-2011).  A *Faragher-Ellerth* defense is as follows:

> that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.

*See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).  Judge Feldman in *Angelone* opined, in relevant part,

> Xerox can not rely on the thoroughness and competency of its investigation and corrective actions and then try and shield discovery of documents underlying the investigation by asserting the attorney-client privilege or work product protections.

*Angelone v. Xerox Corporation*, 2011 WL 4473534 at *3 (W.D.N.Y. 9-26-2011).

In this case, Attorney Henry Rigali conducted the investigation into the Plaintiff's complaints of sexual harassment both in conjunction with and at the behest of the employment defense firm Royal LLP.  Attorney Rigali took notes of his investigation and created other documents as part of his investigation.  Attorney Schrengohst of Royal LLP represented that Attorney Rigali did not report his findings to the Defendant, Palmer Fire District Number One and Palmer Water District Number One, or its Board but that he instead reported his findings to Royal LLP, who then communicated with the Board.

2

Lastly, it is important to note that, despite having represented to Plaintiff's Counsel that Attorney Rigali was engaged by them to conduct the investigation and that Attorney Rigali was to report the results of the investigation to Royal LLP and not to the Defendants, Royal LLP, in bringing the subject Motion still categorically disclaims any significant involvement with the investigation of the Plaintiff's sexual harassment complaints.  Yet, as stated in Judge Neiman's Memorandum and Order [39] regarding Plaintiff's Motion to Compel [22], there was an "ongoing, active participation in the investigation on the part of attorneys at Royal LLP in the form of guidance, advice and direction to Henry Rigali, the individual charged by Defendants to investigate and report on Plaintiff's sexual harassment claims." *See* Exhibit A; Memorandum and Order, dated October 7, 2013. Therefore, the Plaintiff should be permitted to present the testimony of Amy B. Royal, Esq. and Karina L. Schrengohst, Esq. at trial in the instant matter.

## CONCLUSION

Based upon the foregoing, the *Defendants' Motion in Limine to Exclude Testimony from Amy B. Royal, Esq. and Karina L. Schrengohst, Esq.* [102] should be denied.

Respectfully submitted,

The Plaintiff
LISA KOSS
By Her Attorneys


/s/ Michael O. Shea                                  Dated: April 8, 2015
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No. (413) 596-8005
Facsimile No. (413) 596-8095
Email: owenshea@aol.com

/s/ Daniel J. O'Connell      Dated: April 8, 2015
DANIEL J. O'CONNELL, ESQ.
BBO No. 550633
O'Connell & Plumb, P.C.
75 Market Place
Springfield, MA 01103
Telephone No. (413) 733-9111
Facsimile No. (413) 733-9888
Email: doconnell@ocpllaw.com

CERTIFICATE OF SERVICE

I, Michael O. Shea, Esq., Co-Counsel for the Plaintiff, hereby certify that on this 8th day of April, 2015, I served the foregoing document via electronic filing through the ECF system to Counsel of Record for the Defendants.

/s/ Michael O. Shea
Michael O. Shea

4